UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KANIKA GHAI DECLARATION
OF TRUST, VIKEK GHAI, and
KANIKA GHAI,

    Plaintiffs,

v.                                                   Case No.: 2:24-cv-567-SPC-DNF

AMERICAN BANKERS
INSURANCE COMPANY OF
FLORIDA,

    Defendant.

## **OPINION AND ORDER**

Before the Court is Defendant American Bankers Insurance Company of Florida's Motion for Summary Judgment. (Doc. 22). Plaintiffs Kanika Ghai Declaration of Trust, Vivek Ghai, and Kanika Ghai filed a response in opposition (Doc. 28), Defendant replied (Doc. 31), and Plaintiffs filed a sur-reply (Doc. 33). For the following reasons, the Court grants Defendant's motion for summary judgment.

### **Background**

This breach of insurance contract action arises from flood damage Plaintiffs' property sustained during Hurricane Ian. (Doc. 1). The facts are largely undisputed. Defendant is a write-your-own program carrier

participating in the National Flood Insurance Program ("NFIP"). It issued Plaintiffs a Standard Flood Insurance Policy ("SFIP") effective during the time of loss with a $250,000 policy limit. After Hurricane Ian flooded their property, Plaintiffs reported the loss to Defendant, claiming over $500,000 in damages. Defendant acknowledged the flood claim and assigned an independent adjuster to inspect the property.

After the investigation concluded, Defendant sent Plaintiffs a letter dated December 29, 2022, extending coverage totaling $50,701.70, but otherwise denying other portions of Plaintiffs' claim. (Doc. 22-1 at 6–8). The letter reads, in pertinent part:

> We denied a portion of your claim based upon the applicable provisions of the Standard Flood Insurance Policy (SFIP), as set forth below.
>
> \*   \*   \*
>
> We reviewed the Independent Adjuster's report dated 11/23/2022, which indicates there may be damages to your personal property. However, we have confirmed you did not purchase coverage for your personal property and as such we are denying payment for all damages to personal property items. Please refer to the policy section Policy Agreement (I. Agreement C.)
>
> \*   \*   \*
>
> You do not need to take any further action. However, if you wish to take further action concerning this denial, the Policyholder Rights document attached to this letter explains your options, several of which require prompt action.

(*Id.*). And as the letter indicates, the attached Policyholder Rights form notified Plaintiffs of their right to appeal to FEMA and to file suit if they disagreed with the decision to "deny your claim." (*Id.* at 10).

On May 2, 2023, Plaintiffs signed a sworn proof of loss seeking coverage for $255,750 in losses. (Doc. 28 at 19; Doc. 28-1 at 5). Eight days later, Plaintiffs' public adjuster submitted the sworn proof of loss to Defendant along with the corresponding repair estimate. (Doc. 28 at 18–19, 20–64; Doc. 28-1 at 4–5, 6–48).

Later that month, on May 25, 2023, Defendant sent Plaintiffs another letter. It reads:

> We have received and reviewed your request for an additional payment. At this time we have concluded, based on the information provided, that no additional payment can be issued.
>
> The estimate from G W Johnson IV, Inc. is a lump sum and not itemized. Additionally, the estimate includes items not covered and no damages by the flood waters. . . . The estimate also includes repairs to the pool, underground sewer lines, unaffected first floor, and plans and permit fees. Please be advised, pursuant to the policy section IV. PROPERTY NOT INSURED #8 – the policy does not insure underground structures and equipment to include wells and septic systems and #14 – the policy does not insure hot tubs, spas, and pools and equipment. We regret we are unable to include payment for the item(s) listed above and must deny payment pursuant to the applicable policy language.
>
> Additionally, as you are aware we retained an engineer to inspect the property. The engineer concluded there was no damage to the foundation system. The engineer did confirm that the wood framed wall was damaged by the storm surge and floating automobile impact. Please note, your home is a post-FIRM elevated home in a special flood hazard area and as such, there is restricted coverage for building and content items located below the first elevated floor. Please be advised, pursuant to the policy section III. PROPERTY INSURED A. Coverage A-Building

> Property #8 and B. Coverage B-Personal Property #5 the following item(s) are framed walls, drywall, flooring, paint, doors, garage door, vanity and siding. The policy provides coverage for the foundation elements but per the engineer, the wood framed walls are not a foundation element and therefore are not covered. We regret we are unable to include payment for the item(s) listed above and must deny payment pursuant to the applicable policy language.
>
> Lastly, we are in receipt of your signed proof of loss for $255,750.00 dated 5-2-2023. At this time, we are rejecting this document in full pursuant to the policy conditions (VII. GENERAL CONDITIONS J #2.) as this amount includes the damages listed above which are not covered and contractors estimate which can not be accepted as presently written.

(Doc. 22-1 at 13). And attached to this letter is the Policyholder Rights form, which notified Plaintiffs of their right to appeal to FEMA and to file suit if they disagreed with the decision to "deny your claim." (*Id.* at 15).

On June 14, 2023, Defendant sent another denial letter. (Doc. 28 at 111; Doc. 28-1 at 49). This letter is an almost verbatim duplicate of the December 2022 letter.[1]

Unsatisfied with the amount of coverage Defendant provided, Plaintiffs filed this breach of contract action on June 14, 2024. (Doc. 1). Defendant now moves for summary judgment, arguing that Plaintiffs' case is time-barred because they failed to file this action within one year of Defendant's letters partially denying Plaintiffs' claim—the December 2022 and May 2023 letters.

---

[1] The only differences between the two letters are: (1) the December 2022 letter states "*Check(s)* for the amount(s) indicated above will be *mailed* under separate cover," whereas the June 2023 letter provides "*Payment(s)* for the amount(s) indicated above will be *provided* under separate cover"; and (2) the letters are signed by different claims representatives. (*Compare* Doc. 22-1 at 6–8, *with* Doc. 28-1 at 49). So there are no substantive differences.

4

(Docs. 22, 31). Plaintiffs respond that this action is timely because they brought it within one year of Defendant's denial of their sworn proof of loss—the June 2023 letter—and that the December 2022 and May 2023 letters are otherwise not proper disallowances. (Docs. 28, 33).

## Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a material fact is in genuine dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party bears the initial burden to show a lack of genuinely disputed material fact. *Clark v. Coats & Clark,* 929 F.2d 604, 608 (11th Cir. 1991). If carried, the burden shifts to the nonmoving party to point out a genuine dispute. *Id.* At this stage, a court views all facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Rojas v. Florida*, 285 F.3d 1339, 1341–42 (11th Cir. 2002).

## Discussion

In a flood-insurance dispute, a plaintiff must institute an action "within one year after the date of mailing of notice of disallowance or partial

disallowance" of the claim. 42 U.S.C. § 4072; *see also* 44 C.F.R. § 62.22(a). Defendant points to its December 29, 2022, letter partially denying Plaintiffs' claim. Because Plaintiffs filed this action on June 14, 2024—well over one year later—Defendant maintains that Plaintiffs' case is time-barred.

The December 2022 letter is a partial disallowance that triggered § 4072's one-year period. "To determine whether a letter is a denial, courts closely examine the letter's content." *Zozo Invs. LLC v. First Cmty. Ins. Co.*, No. 2:24-CV-939-JLB-KCD, 2025 WL 1755199, at *2 (M.D. Fla. June 25, 2025) (citation and quotations omitted). "A letter from an insurer sufficient to put an insured on notice that a part of her claim has been disallowed is sufficient to trigger Section 4072's one-year limitation period." *4922 Mgmt. LLC v. Selective Ins.*, No. 2:24-CV-894-SPC-NPM, 2025 WL 417701, at *2 (M.D. Fla. Feb. 6, 2025) (citation omitted). The December 2022 letter satisfies this standard.

After indicating Plaintiffs were entitled to a roughly $50,000 payment, the December 2022 letter explains that Plaintiffs were not entitled to coverage for damage to personal property, explicitly states that Defendant is "denying payment for all damages to personal property items," and then cites the relevant policy provision supporting such denial. (Doc. 22-1 at 6–8). The letter also includes a Policyholder Rights form, which advised Plaintiffs of their right to appeal or file a lawsuit after its claim is denied. This was "sufficient to put

6

[Plaintiffs] on notice that a part of [their] claim has been disallowed[.]" *4922 Mgmt. LLC*, 2025 WL 417701, at *2 (citations omitted); *see also Bahama Club v. Hartford Ins. Co. of the Midwest*, No. 2:25-CV-209-SPC-NPM, 2025 WL 1476489, at *2 (M.D. Fla. May 22, 2025) (finding a letter from the insurer constituted a partial disallowance when it identified the uncovered items, explained why the items are not covered, stated the insurer denies the claim for such items, cited the relevant policy language supporting such denial, and included a Policyholder Rights form). Because Plaintiffs filed suit over a year after Defendant sent this letter, this action is time-barred under 42 U.S.C. § 4072.

If that were not enough, Defendant's May 2023 letter also constitutes a partial disallowance under § 4072. Like the December 2022 letter, the May 2023 letter includes the necessary components. It explicitly denies coverage for Plaintiffs' claimed damages for repairs to the pool, underground sewer lines, and the unaffected first floor, as well as Plaintiffs' claimed damages for the wood-framed walls. The letter also cites the relevant policy provisions and includes a Policyholder Rights form. Plaintiffs filed suit over a year after this letter as well.

Plaintiffs' arguments in opposition are unpersuasive. They contend that the December 2022 letter did not trigger § 4072 because the partial denial was not based on a sworn proof of loss. (Doc. 28). Rather, they insist the June 14,

7

2023, letter is the proper denial, which Defendant sent after Plaintiffs submitted their May 2, 2023, proof of loss. And given they filed this action exactly one year later, the argument goes, this case was timely filed. This argument fails for multiple reasons.

Courts in this district have consistently rejected Plaintiffs' assertion that a denial letter must be based on a sworn proof of loss. *See Raulerson v. Am. Strategic Ins. Corp.*, No. 8:25-CV-00407-WFJ-AAS, 2025 WL 1133767, at *3 (M.D. Fla. Apr. 17, 2025) ("While the Eleventh Circuit has not ruled on this issue, district courts in the Middle District of Florida have unanimously agreed that a denial letter is a proper disallowance that triggers the one-year limitation period, not the denial of a claimant's sworn proof of loss." (collecting cases)); *see also 4922 Mgmt. LLC*, 2025 WL 417701, at *2 (rejecting the assertion that a denial letter must be based on a sworn proof of loss to trigger § 4072's one-year limitation period).[2] And even accepting Plaintiffs' argument, Defendant's May 2023 partial disallowance was based on Plaintiffs' sworn proof of loss. Specifically, the letter explains Defendant is "in receipt of [Plaintiffs'] signed proof of loss for $255,750.00 dated 5-2-2023" but ultimately rejected the document "in full" because, among other reasons, the "amount

---

[2] In their sur-reply, Plaintiffs caution the Court that following cases like *4922 Mgmt. LLC* risk reversal because there is no Eleventh Circuit precedent on this issue. (Doc. 33 at 10). But *4922 Mgmt. LLC*, along with several other cases Defendant cites, were decided by the undersigned. Plaintiffs offer no novel arguments compelling the Court to deviate from its prior holdings.

includes the damages listed above which are not covered[.]" (Doc. 22-1 at 13). So no matter how Plaintiffs try to slice it, their case is time-barred.

Plaintiffs also argue that the December 2022 letter was not a proper disallowance because it failed to comply with FEMA Bulletin W-22012. (Doc. 33 at 7–9). In this October 6, 2022, Bulletin, FEMA requires NFIP insurers to evaluate and pay claims arising from Hurricane Ian based on an unsigned adjuster's report rather than a proof of loss. *See* FEMA Bulletin W-22012. And it mandates that to issue payment based on the adjuster's report, the NFIP insurer must provide the policyholder with: (1) a copy of the adjuster's report; (2) if the payment is less than the adjuster's report, a written explanation of the difference; and (3) a template letter. *Id.* Plaintiffs argue that despite the Bulletin's requirement, the December 2022 letter omitted a "critical" sentence included in the template letter. Thus, in Plaintiffs' view, the letter was not a valid disallowance.

This Court previously rejected a similar argument. In *Bahama Club v. Hartford Insurance Company of the Midwest*, the Court found unpersuasive the plaintiff's argument that the insurer's letter was not a denial because it failed to comply with FEMA Bulletin W-22012. 2025 WL 1476489, at *2. In doing so, the Court explained the argument made little sense because "[t]he Bulletin outlines the requirements for *issuing payment*, not for denying coverage." *Id.* (emphasis original). The same reasoning applies here. So "[i]f

9

Plaintiff[s] want[] to return the proceeds Defendant issued because the payment was not properly distributed, [they] [are] free to do so. Otherwise, Defendant's supposed failure to follow payment protocol does not support [Plaintiffs'] position that the claims were not properly denied." *Id.* So Plaintiffs' final argument falls flat.[3]

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion for Summary Judgment (Doc. 22) is **GRANTED**.

2. The Clerk is **DIRECTED** to enter judgment for Defendant and against Plaintiffs, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 18, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[3] The argument is also inconsistent. Plaintiffs take issue with the December 2022 letter omitting a supposedly critical sentence. Yet they insist the June 2023 letter (an almost verbatim duplicate of the December 2022 letter) is the proper disallowance despite the fact it omits the same "critical" sentence.